IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BRENDA PAINTER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, | * | No. 3:16-CV-00042-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Brenda Painter, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). It is more than a scintilla of evidence but less than a preponderance. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

In opposing the Commissioner's decision, Plaintiff argues she is more limited than the Administrative Law Judge (ALJ) determined. (Doc. No. 17 at 12-15.) Plaintiff argues that her mental impairments preclude her from engaging in work-related activities and the ALJ's decision should be reversed. (*Id.*) After careful consideration of Plaintiff's arguments and the record as a whole, for the following reasons I find that the decision of the Commissioner is supported by substantial evidence.

Plaintiff is fifty-four years old on August 31. (Tr. 50.) She testified she has an eighth grade education but later earned her GED. (Tr. 51.)

The ALJ determined Plaintiff had not engaged in substantial gainful activity since the application date and she had the following severe impairments: degenerative disc disease, migraine headaches, chronic liver disease, intracranial injury anxiety disorder, substance abuse, and borderline intellectual functioning. (Tr. 14.) However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[1] (Tr. 14-17.) According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do medium work, except she is "limited to unskilled work, where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote; contains few variables and requires little judgment; any supervision required would need to be simple, direct and concrete." (Tr. 17.) The ALJ noted Plaintiff's poor work history when finding she had no past relevant work. (Tr. 20.) A vocational expert testified to assist the ALJ in determining if jobs were available in significant numbers that Plaintiff could perform, despite her

---

[1]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

impairments. The vocational expert identified the jobs of cashier, sales attendant, and sandwich maker. (Tr. 21, 65-69.) Accordingly, the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy, and found she was not disabled. (Tr. 21.)

Plaintiff clearly has limitations due to her mental impairments. But the record fails to support an allegation of complete disability. Anita Gail Wells, Ph.D., performed a Mental Diagnostic Evaluation and Intellectual Assessment of Plaintiff. (Tr. 396-408.) Dr. Wells diagnosed Plaintiff on Axis I with anxiety disorder, not otherwise specified, polysubstance abuse, sedative, hypnotic, anxiolytic dependence, and nicotine dependence. (Tr. 406.) Dr. Wells diagnosed Plaintiff on Axis II with borderline intellectual functioning deferred. (*Id*.) Plaintiff had no difficulty communicating, showed no evidence of the inability to cope with the mental demands of work, had good attention and concentration, and appeared capable of completing work-related tasks in an acceptable time frame. (Tr. 407.) Plaintiff appeared to give up easily on testing tasks and any limitations on completing work in a timely manner would be due to emotional factors rather than cognitive functioning. (*Id.*) Dr. Wells's report supports the ALJ's residual functional capacity assessment and constitutes substantial evidence.

I note that Plaintiff's strongest evidence comes from the 2006 Psychological Evaluation performed by George M. DeRoeck, Psy.D. (Tr. 314-319.) Although Dr. DeRoeck finds Plaintiff more limited than Dr. Wells, I find no reversible error here.

And considering Plaintiff's argument regarding her GAF scores, I find it unavailing. The Commissioner has declined to endorse the use of the GAF Scale, noting that the GAF Scale did not have a direct correlation to the severity requirements in the mental disorder Listings. *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000). Measuring mental impairments on a numerical scale is difficult. DSM-IV-TR cautions:

> DSM-IV is a classification of mental disorders that was developed for use in clinical, educational, and research settings. The diagnostic categories, criteria, and textual descriptions are meant to be employed by individuals with appropriate clinical training and experience in diagnosis. It is important that DSM-IV not be applied mechanically by untrained individuals. The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion.

DSM-IV-TR at xxxii.

Plaintiff argues the ALJ failed to properly follow the Commissioner's guidelines with regard to her drug abuse. I find the Commissioner's response (Doc. No. 18 at 14-15) to be compelling and Plaintiff's argument for reversal based on *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003), is without merit.

Plaintiff clearly has a significant problem with abusing drugs and alcohol. And many of her limitations appear to be related to her drug abuse. For example, in June 2014, she was admitted to the hospital on an emergency basis. (Tr. 509-535.) Plaintiff's drug screens revealed she had abused methamphetamine, benzodiazepines, and marijuana. (Tr. 533-535.) This, despite professing to Dr. Wells in July 2013 that she had been "clean" for two to three years. (Tr. 400.)

I have considered Plaintiff's remaining arguments and find them to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). In conclusion, the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Therefore, the Court affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 30th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE